IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| V. : | CRIMINAL NUMBER 14-382 |
| : | |
| : | |
| WILLIAM S. DAHL : | |

**O R D E R**

**AND NOW**, this     day of            2015, upon consideration of Defendant's Motion pursuant to Fed. R. Crim. Pr. 12(b)(3)(B) to Dismiss Counts One, Two, Four and Five of the Superseding Indictment and the government's response thereto, the defendant's motion is **GRANTED**.  It is hereby **ORDERED** that Counts One, Two, Four and Five of the Superseding Indictment are **DISMISSED**.

BY THE COURT:

_____
**THE HONORABLE HARVEY BARTLE, III**
**United States District Court Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 14-382 |
| | : | |
| WILLIAM S. DAHL | : | |

**DEFENDANT'S MOTION PURSUANT TO FED. R. CRIM. PR. 12(b)(3)(B) TO DISMISS COUNTS ONE, TWO, FOUR AND FIVE OF THE INDICTMENT**

William S. Dahl, by his attorney, James J. McHugh, Jr., Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, moves this Court to dismiss Counts One, Two, Four and Five of the Superseding Indictment and in support thereof avers as follows:

1. In the six-count Superseding Indictment, the government charges Mr. Dahl with knowingly attempting to use the internet to persuade, entice, and coerce a minor or a person he believed to be a minor to engage in sexual activity *for which any person could be charged with a criminal offense,* in violation of 18 U.S.C. § 2242(b) (Counts One, Four, and Five); knowingly attempting to persuade, induce, entice, or coerce an individual he believed to be a minor to travel in interstate commerce to engage in sexual activity *for which any person could be charged with a criminal offense*, in violation of 18 U.S.C. § 2242(a) (Count Two); using a means or facility of interstate commerce, knowingly transferring an obscene image to another individual whom Mr. Dahl believed to be under 16 years of age, or attempted to do so, in violation of 18 U.S.C. § 1470 (Count Three); and committing these offenses while being required to register as a sex offender in the state of Delaware, in violation of 18 U.S.C. § 2260A (Count Six).

2. Specifically, as to Counts One and Two the government's theory of prosecution is that between October 23, 2013 and November 21, 2013, Mr. Dahl engaged in sexually explicit emails and text messages with an individual he believed to be a 15 year old boy, who was actually an undercover police officer. The government further alleges that in some of the messages, Mr. Dahl attempted to get the person he believed to be a 15 year old boy to travel from Pennsylvania to meet him in Delaware. During the entire time of these communications Mr. Dahl was in the state of Delaware and the detective was in Pennsylvania.

3. Specifically, as to Counts Four and Five the government's theory of prosecution is that between October 24, 2013 and November 1, 2013, and between November 9, 2013 and November 20, 2013, Mr. Dahl engaged in sexually explicit emails and text messages with another detective that he believed to be a 15 year old boy, who also was actually an undercover police officer. During the entire time of these communications Mr. Dahl was in the state of Delaware and the detective was in Pennsylvania.

4. In the Superseding Indictment, the government fails to identify and allege the separate state or federal criminal offense that the defendant could be charged with as required under 18 U.S.C. §§ 2422(a) and (b). Therefore, Counts One, Two, Four and Five, should be dismissed for failure to state on offense.

**WHEREFORE**, Mr. Dahl respectfully requests that this Court grant the instant Motion Pursuant to Fed. R. Crim. Pr. 12(b)(3)(B) to Dismiss Counts One, Two, Four and Five of the Superseding Indictment.

Respectfully submitted,

 /s/ James J. McHugh, Jr.
JAMES J. McHUGH, JR.
Assistant Federal Defender

NANCY MacEOIN
Research & Writing Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 14-382 |
| | : | |
| WILLIAM S. DAHL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO FED. R. CRIM. PR. 12(b)(3)(B) TO DISMISS COUNTS ONE, TWO, FOUR, AND FIVE OF THE SUPERSEDING INDICTMENT**

William Dahl, by and through his attorney, James J. McHugh, Jr., Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, submits this Memorandum of Law in support of his Motion Pursuant to Fed. R. Crim. Pr. 12(b)(3)(B) to Dismiss Counts One, Two, Four and Five of the Superseding Indictment.  Because the Superseding Indictment fails to identify the applicable separate state or federal criminal offense, it fails to include a required element of 18 U.S.C. §§ 2422(a) and (b).  Therefore, these Counts must be dismissed.

I.   FACTUAL ALLEGATIONS

A.  **Counts One and Two of the Superseding Indictment**

On October 23, 2013, an undercover detective with the Delaware County Criminal Investigation Division, Delaware County, Pennsylvania, came across a post on the website craigslist.org entitled "Where is all the young cock – m4m" followed by the word "naamans." The content of the post stated "Hosting late night, looking for young white cock, I love cum and pee on Naamans Road, younger is better, small cock is cool, white guys only please."

An undercover detective in Pennsylvania responded to the post, claiming to be a 15 year old boy named "Jake." Over the next several weeks, "Jake" exchanged emails with the person who placed the Craigslist posting (herein "the poster"). The exchanges were sexually explicit in nature. The poster identified himself to the undercover detective as a 48-year-old man. He also was located in the state of Delaware. He sent a picture of an adult male penis, as well as a picture of a middle-aged, white male with a shaved head. The poster requested that "Jake" send him a picture of his genitals. The undercover detective sent the poster a picture of a clothed 15 year old boy.

The poster and "Jake" arranged to meet each other on November 21, 2013 in Delaware. That meeting never occurred. When Mr. Dahl arrived at his home, in Delaware, later that evening, law enforcement was waiting for Mr. Dahl and immediately arrested him.

### B. Counts Four And Five Of The Superseding Indictment

On October 23, 2013, Sergeant Gary Smith of the Aston Township Police Department responded to the same Craigslist posting to which the Delaware County detective responded. Posing as a 15-year-old, Sargent Smith engaged in sexually explicit emails and later text messages with the poster. The poster, alleged to be defendant, was in Delaware and Sergeant Smith was in Pennsylvania during all relevant times during these exchanges of communication.

On November 9, 2013, Sergeant Smith responded to a separate Craigslist posting entitled "blowing young cock (naamans)." Again posing as a 15-year-old, Sergeant Smith exchanged sexually explicit emails and text messages with the poster. After the poster sent a photograph, Sergeant Smith identified the man in the photograph as William Dahl. Here again, the poster, alleged to be defendant, was in Delaware and Sergeant Smith was in Pennsylvania during all relevant times during these exchanges of communication.

2

## II.   ARGUMENT

Counts One, Two, Four, and Five of the Superseding Indictment are fatally defective in that each Count fails to identify a separate state or federal crime under which Mr. Dahl could be prosecuted. Because this necessary element of 18 U.S.C. §§ 2422(a) and (b) is missing, the Superseding Indictment is defective and must be dismissed.

Under the United States Constitution and federal law, an indictment must both "contain . . . the elements of the offense intended to be charged and sufficiently apprise . . . the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED.R.CRIM.P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) provides that "a motion alleging a defect in the indictment or information . . ." may be heard and decided by the Court pretrial.

A facially sufficient indictment "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of subsequent prosecutions." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2012), quoting *United Sates v. Huet*, 665 F.3d 588, 594-95 (3d Cir. 2012). By contrast, an indictment that merely tracks the statutory language is insufficient unless the statute "fully, directly, and expressly without any uncertainty or ambiguity set[s] forth all the elements necessary to constitute the offence intended to be punished." *Russell*, 369 U.S. at 765 (quoting *United Sates v. Carll*, 105 U.S. 611, 612 (1881)).

Mr. Dahl moves to dismiss Counts One, Two, Four, and Five of the Superseding Indictment as each count fails to include an essential element of the offense. In Counts One,

Four, and Five, Mr. Dahl is charged with violating 18 U.S.C. § 2422(b), coercion and enticement of a minor.

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution *or any sexual activity for which any person can be charged with a criminal offense*, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b) (emphasis added).

In Count Two, Mr. Dahl is charged with violating 18 U.S.C. § 2422(a), which contains the exact same language as § 2422(b) requiring the attempt to engage in "sexual activity for which any person can be charged with a criminal offense."

To convict Mr. Dahl under subsection (b) of this statute, the government must prove that Mr. Dahl, using interstate commerce, knowingly: (1) attempted to (2) persuade, induce, or coerce, (3) a person under 18 years of age, (4) to engage in prostitution or any sexual activity *that would constitute a criminal offense*. *United States v. Tello*, 600 F.3d 1161, 1164-65 (9th Cir. 2010) (citation omitted). The Fourth element – that is also part of the offense set forth in § 2422 subsection (a) – requires the government to prove that Mr. Dahl's actions, if completed, would constitute a separate criminal offense under state or federal law.[1] *Id*.

In this case, the Superseding Indictment fails to specify which, if any, separate criminal offense under state or federal law Mr. Dahl would have violated. This is particularly problematic here where the alleged perpetrator is in Delaware and the alleged victim is in Pennsylvania. *Compare United States v. Begin*, 696 F.3d 405, 412-13 (3d Cir. 2012) (indictment for violating

---

[1] It should be noted that while there are Third Circuit cases which delve into certain elements of 18 U.S.C. § 2242(b), *i.e. United States v. Tykarsky*, 446 F.3d 458 (3d Cir. 2006), there is no Third Circuit case outlining each element of § 2422(b); nor is there a model jury instruction in the Third Circuit. Model jury instructions from other circuits for § 2422(b) do require the state or federal law under which the defendant's actions could be criminalized to be articulated as an element of the offense. For example, *Pattern Criminal Jury Instructions of the Seventh Circuit (2012)* for 18 U.S.C. § 2422(b) requires that the state or federal criminal offense, which would have been violated had the sexual activity occurred, be stated in the fourth element of the offense.

18 U.S.C. § 2422(b) specifically charged that defendant intended to engage in sexual activity with a 14-year-old girl, which would constitute statutory rape charges under Pennsylvania law); *United States v. Dhingra*, 371 F.3d 557, 561 (9th Cir. 2004) (the indictment alleging a violation of § 2422(b) "specified that [defendant] induced the minor to engage in lewd or lascivious conduct as would constitute a criminal offense under California Penal Code § 288(c)(1), which criminalizes sexual contact between a victim 14 or 15 years of age and someone ten or more years older.")

To simply track the statutory language and include a generic statement that a "criminal offense" could have been charged as the Superseding Indictment does here in Counts One, Two, Four and Five, deprives the defendant of notice of the elements the government must prove. Furthermore, whether a "criminal offense" could actually be prosecuted varies according to state law, thus, it is critical for the defense to be on notice of which state law the government intends to prove could have been violated. *See e.g., United States v. Patten*, 397 F.3d 1100, 1103-04 (8th Cir. 2005) (because defendant's conduct underlying a § 2422(b) prosecution was illegal in North Dakota but not Minnesota, the jury had to find that the conduct occurred in North Dakota); *United States v. Lanzon*, 639 F.3d 1293, 1297 (11th Cir. 2011) (government brought superseding indictment to allege the actual Florida statute violated after defendant objected to lack of notice).

Additionally, 18 U.S.C. § 2422(b) only permits federal prosecution in "situations in which an individual could actually be prosecuted" for underlying state crimes. *United States v. Dhingra*, 314 F.3d 557, 565 (9th Cir. 2004).  Logically, if a conviction under 18 U.S.C. §2422(a) or (b) requires proof that the defendant's conduct would have actually violated state law, then the specific state law must be an element of the offense.

In *United States v. Mannava*, the Seventh Circuit in reversing a conviction under §2422(b) made this exact point: "Liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense."  *Mannava*, 565 F.3d 412, 415 (7th Cir. 2009).  *See also United States v. Meek*, 366 F.3d 705, 711 n.5 (9th Cir. 2004) ("[L]iability under § 2422(b) is . . . contingent on criminal sexual activity as defined by another statute."); *United States v. Kaye*, 243 Fed. App'x 763, 766 (4th Cir. 2007)(unpublished) ("To obtain a conviction under § 2422(b), the government must also prove that the additional elements of Va.Code Ann. § 18.2-370, which makes it unlawful for an individual to take indecent liberties with a child, were satisfied.")

Few courts have addressed this precise issue.  In *United States v. Berk*, 652 F.3d 132, 138 (1st Cir. 2011), the First Circuit declined to answer whether the indictment, which did not specify any particular underlying criminal offense "for which [Berk] could be charged," was insufficient notice to the defense.  Instead, the Court ruled that Mr. Berk, post-verdict, was not prejudiced by the defect in the indictment.  *Id.*, at 139.  The Court noted the extensive pre-trial exchange between the government and the defense regarding the underlying state statute which would have been violated.

In this case, the Superseding Indictment charging Mr. Dahl with violating 18 U.S.C. §§ 2422(a) and (b) fails to specify a state or federal offense which Mr. Dahl's attempted or completed acts would have violated.   As discussed above, there are two states, Delaware and Pennsylvania, that actions allegedly took place within.   The government's reliance on the generic language of "for which any person could be charged with a criminal offense" is insufficient because it does not give the defense notice of how it intends to prove an essential

element of the offense and because a necessary element is omitted.  Therefore, Counts One, Two, Four, and Five of the Superseding Indictment must be dismissed.

### III.    CONCLUSION

Because the Superseding Indictment does not specify under which state or federal statute Mr. Dahl could be prosecuted for his alleged crimes, it does not state an essential element of the offenses arising under 18 U.S.C. §§ 2422(a) and (b).   Therefore, Counts One, Two, Four and Five of the Superseding Indictment must be dismissed.

Respectfully submitted,

/s/James J. McHugh, Jr.
JAMES J. McHUGH, Jr.
Assistant Federal Defender

NANCY MacEOIN
Research & Writing Attorney

**CERTIFICATE OF SERVICE**

    I, James J. McHugh, Jr., Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served copies of Defendant's Motion to Dismiss Counts One, Two, Four, and Five of the Indictment and memorandum of law in support thereof, upon Michelle Rotella, Assistant United States Attorney, by delivery to her office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

    /s/ James J. McHugh, Jr.
JAMES J. McHUGH
Assistant Federal Defender

DATE:	January 5, 2015