```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :     CRIMINAL ACTION

          v.                     :

WILLIAM S. DAHL                  :     NO. 14-382
```

MEMORANDUM

Bartle, J.                                        January 7, 2015

Defendant William S. Dahl has moved to dismiss Count Six of the superseding indictment which charges him with a violation of 18 U.S.C. § 2260A.[1]  That section provides:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense <u>involving a minor</u> under section 1201, <u>1466A</u>, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, <u>2422</u>, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision.  The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.  (emphasis added)

Dahl argues that the enhancement under § 2260A does not apply to him because the crimes with which he is charged do not involve a minor.

---

1.  The motion actually refers to Count Four of the original indictment.  Since the filing of the motion, the Government has filed a superseding indictment.  Count Four of the indictment is now Count Six of the superseding indictment.

According to the superseding indictment, Dahl is a sex offender registered under Delaware law who has committed sex crimes under 18 U.S.C. § 2422(a) and § 2422(b).  Section 2422(a) prohibits enticement of "any individual to travel in interstate ... commerce ... to engage ... in any sexual activity for which any person can be charged with a criminal offense ..." while § 2422(b) prohibits "using ... any facility ... of interstate ... commerce [to] entice[] ... any individual who has not attained the age of 18 years, to engage in ... any sexual activity for which any person can be charged with a criminal offense ...."  Both subsections also make it a crime to "attempt[] to do so."

The superseding indictment, which charges a violation of § 2422(a) in Count Two and violations of § 2422(b) in Counts One, Four, and Five,[2] describes the person being enticed as an individual whom Dahl either "believed was a minor child under the age of 18 years" or "believed had not attained the age of 18 years."[3]  The Government concedes that the two victims in issue

---

2.  The superseding indictment charges that Dahl committed the offenses described in Counts One, Two, Four, and Five or attempted to do so.

3.  Count Three of the superseding indictment charges a violation of 18 U.S.C. § 1470 which makes it a crime to transfer obscene material to another individual or to attempt to do so.  The superseding indictment states that the individual to whom Dahl allegedly transferred or attempted to transfer obscene material was someone "Dahl believed had not

-2-

were not actual minors but law enforcement officers posing as minors.  The question before the court is whether § 2260A is applicable where the persons being enticed under § 2422(a) and § 2422(b) are not real minors but rather undercover agents impersonating minors.

We begin with the language of § 2260A to determine if it is clear and unambiguous.  If it is, our inquiry ends. <u>Wilson v. U.S. Parole Comm'n</u>, 193 F.3d 195, 198 (3d Cir. 1999).  As noted above, § 2260A provides for an enhanced sentence for a violation of § 2422(a) and § 2422(b) only when the defendant is a registered sex offender under federal or other law and the violation of § 2422(a) or § 2422(b) is one "involving a minor."  Each of these two subsections, as noted above, applies not only to the consummation of the crime described but also to attempts to consummate the crime.

We conclude that the language "involving a minor" in § 2260A applies only to situations in which a person under the age of eighteen is involved and not to situations in which an adult undercover agent is posing as an underage person.  We reach this conclusion primarily because of the clear definition of minor in 18 U.S.C. § 2256(1).  For purposes of Chapter 110 of Title 18 in which § 2260A is located, § 2256(1) provides that

---

attained the age of 16 years."  In charging Dahl with a violation of § 2260A, Count Six makes no reference to § 1470.

"'minor' means any person under the age of eighteen years." This definition, which is applicable to § 2260A, is consistent with the natural and customary meaning of the word and does not encompass persons whom the offender believes to be under the age of eighteen years but who are adults. Minor means minor as ordinarily understood and nothing more. In sum, the language "involving a minor" contained in § 2260A is clear and unambiguous. See Wilson, 193 F.3d at 198.

Our conclusion also finds support in the emphasis that our Court of Appeals has placed on the "attempt" provisions which are present in § 2422(a) and § 2422(b) but absent from § 2260A. There is no doubt that a person can be convicted under § 2422(a) and § 2422(b) when the intended victim is simply an individual whom the offender believes to be a minor. Our Court of Appeals as well as other Courts of Appeals have pointed out that § 2422(b) not only makes it an offense when the crime against a minor is actually committed but also when the wrongdoer attempts to consummate that crime. This attempt language has been construed to include the circumstance where the offender believes the victim to be a minor, even though the purported victim is actually an adult, such as a law enforcement official playing the role of a minor. United States v. Tykarsky, 446 F.3d 458, 464-69 (3d Cir. 2006); e.g., United States v. Gagliardi, 506 F.3d 140, 147 (2d Cir. 2007); United

-4-

States v. Root, 296 F.3d 1222, 1227-28 (11th Cir. 2002).  In other words, the phrase "an individual who has not attained the age of 18 years" found in § 2422(b) means an actual person under eighteen years old.  It is only the attempt language that broadens the subsection to allow for a conviction where there is a victim who pretends to be a minor, such as an undercover law enforcement officer.  See Tykarsky, 446 F.3d at 466-69; Gagliardi, 506 F.3d at 147.

       Thus, a conviction under § 2422(b) can occur under either of two different scenarios:  one where the victim is actually underage and one where the victim pretends to be underage as long as the offender believes he or she is underage.  Section 2260A, by using the words "involving a minor," concerns only the first scenario, that is, where the victim is really a minor since it does not contain the attempt language included in § 2422(b).  See Tykarsky, 446 F.3d at 466-69.  Consequently, a person required to register as a sex offender who violates § 2422(b) is not in all circumstances subject to an enhanced sentence under § 2260A.

       Like § 2422(b), § 2422(a) encompasses a wider array of victims than does § 2260A.  Indeed, § 2422(a) contains no age limitation for the victim.  Thus, we must look to the words of § 2260A to determine whether a particular violation of § 2422(a) fits within § 2260A.  Again, not all infractions of § 2422(a)

constitute an infraction of § 2260A.  Only violations of § 2422(a) "involving a minor" come within the framework of § 2260A.  Since § 2260A does not include an attempt clause, it does not apply to the situation presented under § 2422(a) in the superseding indictment.  Id.

The Government in opposing Dahl's motion relies on United States v. Slaughter, 708 F.3d 1208 (11th Cir. 2013).  In that case, the Court of Appeals for the Eleventh Circuit held that § 2260A applies to a § 2422(b) conviction even when the target of the defendant's communications is a pretended minor.  We believe the reasoning of this decision is misplaced.  First, the court looked to the broad language of § 2422(b) which it correctly noted is not limited to actual minors because it allows for a conviction where a defendant merely attempts to engage in the prohibited conduct.  The court seemed to concede that without the attempt clause in § 2422(b) it would not allow a conviction under § 2422(b) to stand where a person posing as a minor, as opposed to an actual underage individual, was involved.  In support of this proposition the Slaughter court cited Root, 296 F.3d at 1227.  Slaughter, 708 F.3d at 1215-16.  Yet the Slaughter court read into § 2260A the broader language of § 2422(b) even though § 2260A uses the narrower language "involving a minor" and does not have an attempt clause.

-6-

Second, <u>Slaughter</u> supports its decision by referring to the three instances, namely, 18 U.S.C. § 2252A(a)(3)(B)(ii), (c)(2) & (e) where Congress added the words "actual minor." From this, the court concluded that since § 2260A does not use the language "actual minor" Congress <u>sub silentio</u> expanded the meaning of "involving a minor" under § 2260A to encompass Government agents pretending to be minors.

<u>Slaughter</u>'s reasoning again is flawed.  It overlooks the origin of the three instances of the term "actual minor" in § 2252A.  That section, entitled "Certain activities relating to material constituting or containing child pornography," makes it a crime knowingly to receive, distribute, or transport in interstate commerce obscene visual depictions of children engaging in sexually explicit conduct.  When § 2252A was enacted in its original form as part of the Child Pornography Prevention Act of 1996 ("CPPA"), it did not contain the term "actual minor."  In 2002, however, the Supreme Court struck down portions of the CPPA as overbroad.  The Court held that the CPPA ran afoul of the First Amendment by prohibiting the possession or distribution of images "which may be created by using adults who look like minors or by using computer imaging." <u>Ashcroft v. Free Speech Coal.</u>, 535 U.S. 234, 239-40, 258 (2002).  Child pornography, the Court explained, includes only depictions of real children.  <u>Id.</u> at 241.  In response to this ruling,

Congress amended portions of the CPPA and inserted into § 2252A in several places the term "actual minor" to reflect the distinction between computer-generated minors or youthful adults who look like minors, on one hand, and actual minors, that is, those who are real people under age eighteen, on the other.  See S. Rep. No. 108-2 (2003).

The Government has called nothing to our attention to show that Congress intended to modify or clarify the definition of the term "minor" in § 2256(1) or in any provisions of the Criminal Code other than those dealing with child pornography. The introduction of the term "actual minor" to § 2252A was simply a response to the Supreme Court's decision in Free Speech Coalition since the First Amendment treats depiction of virtual images of children and youthful-looking adults posing as children differently than depictions of real minors.

Our rejection of the flawed logic advanced by the Government and by the Slaughter court finds further support in another change implemented by Congress in response to Free Speech Coalition.  As noted above, § 2256(1) sets forth definitions relevant to Chapter 110.  It defines "minor" as "any person under the age of eighteen years."  In 2003, as part of the amendments to the CPPA, Congress added § 2256(11) which states:

>    the term "indistinguishable" used with
>    respect to a depiction, means virtually
>    indistinguishable, in that the depiction is
>    such that an ordinary person viewing the
>    depiction would conclude that the depiction
>    is of an <u>actual minor</u> engaged in sexually
>    explicit conduct.  This definition does not
>    apply to depictions that are drawings,
>    cartoons, sculptures, or paintings depicting
>    minors or adults.

18 U.S.C. § 2256(11) (emphasis added).

The 2003 changes to § 2252A and § 2256 make clear that the use of "actual minor" is limited to distinguishing real persons from computer generated or other virtual depictions of minors and has no applicability outside this context.  Significantly, Congress retained the definition of minor in § 2256(1) and did not expand it to include an undercover agent posing as a minor or computer generated images of minors.

We note, to the extent it is relevant, that § 2422(a) and § 2422(b), in contrast to § 2252A, do not involve child pornography or issues of free speech.  While these two subsections charged here are broad enough to encompass adults posing as minors, virtual images have no place with respect to these offenses.  One cannot entice a virtual image to travel in interstate commerce to engage in sexual activity in violation of § 2422(a) or to communicate with or entice a virtual image to engage in sexual activity in violation of § 2422(b).  It would

be an inappropriate stretch to think that Congress was tinkering with the definition of minor as it relates to these subsections when it added the words "actual minor" to § 2252A, which criminalizes child pornography.

In any event, the crux of the matter for present purposes is the language of § 2260A. As previously explained, not every violation of § 2422(a) or § 2422(b) calls for an enhanced sentence under § 2260A. Section 2260A uses the limiting words "involving a minor." There is no evidence that Congress ever modified this provision to eliminate any reference to the definition of minor in § 2256(1), which clearly states that "minor" means a person under age eighteen.

The Government's argument that the word "minor" under § 2260A includes adults posing as minors because the words "actual minor" are not used fails for still another reason. In Tykarsky, our Court of Appeals used the term "actual minor" when referring to a person under eighteen years of age in § 2422(b) to distinguish such a person from an adult impersonating a minor. Tykarsky, 446 F.3d at 466. Yet § 2422(b) does not include the words "actual minor." The Tykarsky court construed the word "minor" in § 2422(b) to mean "actual minor" – a person under the age of eighteen. The court's use of "actual minor" in this way demonstrates that the term "minor" in the context of child enticement is properly

understood to refer to a real person under eighteen.  Likewise, simply because § 2260A employs the word "minor" and not the words "actual minor" does not mean that § 2260A includes Government agents posing as minors within the definition of "minor."

Accordingly, we reiterate that there is no basis to conclude that "involving a minor" in § 2260A refers to anyone or anything other than a real person under the age of eighteen years as defined in § 2256(1).  Since § 2260A does not include an attempt clause, it does not apply to an offense where the person being enticed is an adult posing as a minor.  See Tykarsky, 446 F.3d at 464-69.

One other case has been called to our attention, United States v. Jones, 748 F.3d 64 (1st Cir. 2014), which was handed down after Slaughter.  There the defendant made the argument on appeal that § 2260A was not violated because his conviction under 18 U.S.C. § 2422(b) among others did not involve a minor but rather a postal inspector posing as a minor.  Unfortunately for the defendant, he had not raised the issue in the District Court.  The Court of Appeals for the First Circuit ruled that he had waived the argument and that the District Judge did not commit plain error.  Nonetheless, the appellate court was quick to caution, "[o]bviously, nothing said here whispers even the faintest hint of how we might someday rule on

the merits of the actual-child question." Id. at 73.  In this case, of course, Dahl has raised the issue in a timely fashion.

The Government also cites the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 et seq. in support of its argument that "involving a minor" in § 2260A includes an undercover agent posing as a minor.  SORNA establishes a comprehensive national system for the registration of sex offenders and offenders against children.  Among its other provisions, SORNA defines individuals convicted under § 2422 as sex offenders regardless of whether their crimes involved an individual under the age of eighteen or a person posing as one.  According to the Government, "[i]t would be nonsensical for the law to include § 2422 under SORNA where the 'victim' is an undercover officer, but to exclude it for purposes of enhanced sentencing under § 2260A for the very same reason – that the 'victim' is an undercover officer."

SORNA is inapposite.  It is not a federal criminal statute and is not part of Chapter 110 of Title 18.  See 42 U.S.C. § 16901 et seq.  Moreover, § 16911 of SORNA, which is the section cited by the Government, provides that a person may be classified as a "tier II sex offender" if he commits an offense punishable by imprisonment for more than one year which is "committed against a minor" and which is "comparable to or more severe than ... coercion and enticement (as described in section

-12-

2422(b) of Title 18 ...).″  Significantly, § 16911(3)(A) contains an attempt clause so that an individual may be classified as a tier II sex offender if he *attempts* to commit an offense comparable to or more severe than § 2422(b) against a minor.  Again, unlike SORNA, § 2260A does not contain an attempt clause.

The Government further seeks to bolster its position by pointing to legislative history demonstrating Congress' goal of protecting children from sex offenders as a reason to interpret § 2260A to provide for an enhanced sentence when the victim is a law enforcement officer posing as a minor.  In particular, it cites to a House of Representatives Report related to the Protection of Children from Sexual Predators Act of 1998.  See H.R. Rep. No. 105-557, at 1 (1998).  It also cites to a House Report related to the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003. See H.R. Rep. No. 108-66, at 51 (2003).  None of this legislative history, however, pertains to § 2260A, which was not enacted until 2006.

We have no doubt that Congress recognizes the paramount importance of protecting children from sexual predators.[4]  Nonetheless, we must focus on the words Congress

---

4. Congress has provided for severe punishment without regard to § 2260A if a person is found guilty of the underlying crimes

wrote into § 2260A.  See Landreth Timber Co. v. Landreth, 471 U.S. 681, 685 (1985).  As Justice Holmes stated many years ago, we must not construe a statute "upon the speculation that, if the legislature had thought of it, very likely broader words would have been used."  McBoyle v. United States, 283 U.S. 25, 27 (1931); see also United States v. Ashurov, 726 F.3d 395, 400 (3d Cir. 2013).  Section 2260A is clear and unambiguous as written.  See Wilson, 193 F.3d at 198.  We must not speculate on what Congress may have done if it had given the matter more thought or on what it may do in the future if it revisits the subject.

      Finally, defendant raises the issue of lenity.  The rule of lenity provides that a court may not "interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."  Ladner v. United States, 358 U.S. 169, 178 (1958).  Undergirding this rule is the notion that "the citizen is entitled to fair notice of what sort of conduct may give rise

---

charged here.  The maximum penalty is 20 years' imprisonment for a violation of § 2422(a), and imprisonment for life, with a mandatory minimum sentence of ten years, for a violation of § 2422(b).  The maximum sentence under 18 U.S.C. § 1470, which is also charged in the superseding indictment here but does not serve as the basis for the § 2260A count, is 10 years.  The court of course has discretion to impose consecutive sentences.

to punishment." Ashurov, 726 F.3d at 402 (quoting McNally v. United States, 438 U.S. 350, 375 (1987)).  Accordingly, a court faced with an ambiguous statute in a criminal matter must "apply the rule of lenity and resolve the ambiguity in [the defendant's] favor."  See United States v. Granderson, 511 U.S. 39, 54 (1994).  We need not reach this issue as the phrase "involving a minor" in § 2260A is, in our view, clear and unambiguous.  If it should somehow be deemed ambiguous, the rule of lenity must apply, and its language must be construed in Dahl's favor in order to avoid denying him fair notice as to what § 2260A punishes.  See Ashurov, 726 F.3d at 402.

In conclusion, the phrase "involving a minor" found in § 2260A clearly means a real person under eighteen years old and does not encompass an adult such as a Government agent whom the defendant believes to be under eighteen.  Because the Government concedes that the persons identified in the superseding indictment are not minors as defined under 18 U.S.C. § 2256(1) but are adult Government agents, the motion of the defendant William S. Dahl to dismiss Count Six of the superseding indictment will be granted.